# IN THE COURT OF APPEALS OF IOWA

No. 22-1484
Filed November 2, 2022

**IN THE INTEREST OF M.M.,**
**Minor Child,**

**E.C., Mother,**
    Appellant.

_____

Appeal from the Iowa District Court for Tama County, Casey D. Jones, District Associate Judge.

The mother appeals the termination of her parental rights to her child. **AFFIRMED.**

Deborah M. Skelton, Tiffin, for appellant mother.

Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant Attorney General, for appellee State.

Melody Butz, Center Point, attorney and guardian ad litem for minor child.

Considered by Vaitheswaran, P.J., Ahlers, J., and Potterfield, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2022).

**POTTERFIELD, Senior Judge.**

The juvenile court terminated the mother's rights to M.M.—born in 2017—under Iowa Code section 232.116(1)(d), (f), (i), and (*l*) (2022).[1]  The mother appeals, challenging each of the statutory grounds for termination, asserting the loss of her rights is not in the child's best interests, and urging us to apply an exception to termination to save the parent-child relationship.  We review termination proceedings de novo.  *In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012).

We begin by reviewing the grounds for termination; we may affirm on any ground we find supported by clear and convincing evidence in the record.  *Id.* at 774.  We choose to review termination under paragraph (f), which requires proof of several elements including proof the child cannot be returned to the parent's custody at the time of the termination trial.  *See* Iowa Code § 232.116(1)(f)(4); *see also In re D.W.*, 791 N.W.2d 703, 710 (Iowa 2010).  Here, M.M. was removed from the mother's care in June 2021 after DHHS[2] received an allegation the mother was parenting M.M. while under the influence of methamphetamine and, when executing a search warrant, police found methamphetamine and drug paraphernalia in the mother's home.  A hair-stat test completed on M.M. shortly after removal showed she had ingested methamphetamine.  Between June 2021 and the August 2022 termination trial, the mother missed approximately fifty drug tests.  Still, she tested positive for methamphetamine in May 2022 and, when

---

[1] The father's parental rights were also terminated.  He does not appeal.
[2] In 2022, the legislature merged the department of human services and the department of public health into the Iowa Department of Health and Human Services (DHHS), with the transition starting July 1, 2022.  *See* 2022 Iowa Acts ch. 1131 § 51.

arrested for an outstanding warrant while at a visit with M.M., was found to have both methamphetamine and marijuana on her person in July. At the termination trial about one month later, the mother admitted she was using methamphetamine throughout the time the juvenile court was involved with the family. Additionally, the mother was still incarcerated following her July arrest and would not be released—if at all—until after an upcoming probation revocation hearing and a separate proceeding on a pending drug offense in another county. Due to the mother's unresolved use of methamphetamine and her incarceration, M.M. could not be returned to the mother's care at the time of the termination trial. *See In re A.B.*, 815 N.W.2d 764, 776 (Iowa 2012) ("[A]n unresolved, severe, and chronic drug addiction can render a parent unfit to raise children."); *In re C.D.*, No 03-0451, 2003 WL 21362054, at *1 (Iowa Ct. App. June 13, 2005) (concluding evidence of father's incarceration meant "the only finding that can be made is that he is unable to receive his daughter's custody at this time").

Next, the mother argues termination of her parental rights is not in M.M.'s best interests. *See* Iowa Code § 232.116(2). In the same section, she urges us to apply an exception to save her relationship with M.M., focusing on the bond she shares with M.M. and arguing the loss of her rights would be detrimental to M.M. *See id.* § 232.116(3)(c). We are "required to use the best-interest framework established in section 232.116(2) when [we] decide[] what is in the best interest of the child." *In re P.L.*, 778 N.W.2d 33, 37 (Iowa 2010). "The primary considerations are 'the child's safety,' 'the best placement for furthering the long-term nurturing and growth of the child,' and 'the physical, mental, and emotional condition and needs of the child.'" *Id.* (quoting Iowa Code § 232.116(2)). And the application of

any section 232.116(3) exception is discretionary. *In re A.S.*, 906 N.W.2d 467, 475 (Iowa 2018).

The mother's love for the child is not in doubt. But M.M. has been removed from the mother's care three separate times—in 2018, 2019, and 2021—totaling nearly two years of the child's young life.[3] Looking backward, the mother has experienced issues with substance abuse throughout M.M.'s lifetime, and M.M. has not been able to consistently count on the mother to care for her and provide her a safe, stable home. *See In re A.H.*, 950 N.W.2d 27, 38 (Iowa 2020) ("In seeking the best interests of . . .children, the 'defining elements' are 'safety and [their] need for a permanent home.'" (citation omitted)). And, looking forward, it is not clear when the mother would be released from jail or be ready to be a sober parent to M.M.[4] In contrast, M.M. is placed with the same foster family as during a prior removal from the mother's care; the foster family is interested in adopting M.M. *See* Iowa Code § 232.116(2)(b). Because termination of the mother's rights will allow M.M. to achieve permanency and M.M. would not be disadvantaged by the termination such that it overcomes the mother's inability to care for her, termination is in M.M.'s best interests and an exception to termination is not warranted. *See D.W.*, 791 N.W.2d at 709. We affirm the termination of the mother's parental rights to M.M. under section 232.116(1)(f).

**AFFIRMED.**

---

[3] The first two removals were the result of the mother's involvement with Meskwaki Family Services and were under the jurisdiction of the Meskwaki Tribal Court.
[4] The mother mentions wanting more time to work toward reunification. For these same reasons, we cannot say the mother will be able to resume parenting M.M. after a short extension; so we decline her request. *See* Iowa Code § 232.104(2)(b).